[Civ. No. 1790.     Second Appellate District.—November, 9, 1916.]

## J. W. GUNTER, Respondent, v. R. E. L. SACKETT, Appellant.

PLEADING—MOTION FOR JUDGMENT—WITHDRAWAL AFTER ANNOUNCEMENT OF DECISION—AMENDMENT OF COMPLAINT—DISCRETION NOT ABUSED. In an action to recover judgment upon a promissory note, where after answer filed, the plaintiff moved for judgment on the pleadings, and the defendant consented and requested that the court grant judgment upon the pleadings in accordance with the prayer of defendant's answer, to wit, that plaintiff take nothing, etc., and the court after argument and submission of the motion announced from the bench that he would have to give judgment for the defendant on the ground that the complaint did not state facts sufficient to constitute a cause of action, it is within the jurisdiction of the court, in the exercise of its discretion, to thereafter permit the withdrawal of the motion of plaintiff and the filing of an amended complaint.

APPEAL FOR PURPOSES OF DELAY—DAMAGES ADDED FOR DELAY.—The appeal is frivolous, and apparently made for purposes of delay. Respondent allowed fifty dollars damages on account of the delay caused by the appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Kendrick & Ardis, for Appellant.

Isaac Pacht, and Joseph M. Bernstein, for Respondent.

CONREY, P. J.—The plaintiff commenced this action to recover judgment upon a promissory note executed to him by the defendant.   After answer filed, the plaintiff moved for

judgment on the pleadings. The defendant consented and requested that the court grant judgment upon the pleadings in accordance with the prayer of defendant's answer, to wit, that plaintiff take nothing, etc. After argument by counsel and submission of the motion, the judge announced from the bench that he would have to give judgment for the defendant on the ground that the complaint did not state facts sufficient to constitute a cause of action. Thereupon the plaintiff asked leave to withdraw his motion and amend his complaint. The court took the matter under advisement, and thereafter made an order striking said motion from the calendar and granting plaintiff leave to amend his complaint; to which action of the court the defendant duly objected and excepted. Thereafter an amended complaint was served and filed, and the legal time for answering having expired without answer or demurrer by the defendant, judgment by default was entered, from which judgment the defendant appeals.

The amended complaint is like the original complaint, with the addition of an allegation of nonpayment of the note. The original complaint had alleged refusal to pay, but had not specifically alleged nonpayment. Appellant insists: (1) That the complaint did not allege that the note had not been paid, and hence stated no cause of action; (2) That the motion for judgment having been decided in favor of the defendant and the court having so announced from the bench, it was then too late for the plaintiff to withdraw his motion for judgment and that the court erred in not entering judgment in favor of the defendant upon the pleadings, and that the court had no jurisdiction to allow the amended complaint to be filed and the defendant could not be in default for not answering such amended complaint.

Assuming, without deciding, that the first complaint did not state a cause of action, we are of opinion that under the circumstances above stated the court had not lost jurisdiction to permit the filing of an amended complaint. On the contrary, that matter was within the power of the court, and the discretion vested in it was appropriately exercised in the interest of justice. The appeal is frivolous and apparently made for purposes of delay.

The judgment is affirmed. And it is ordered that in addition to the costs, the respondent recover $50 damages on account of delay caused by the appeal.

James, J., and Shaw, J., concurred.